# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 CASE |
| KATHALEEN HADLEY, | CASE NO. 05-34986 ERW |
| | JUDGE EUGENE R. WEDOFF |
| Debtor | |

## NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS FOR COMPENSATION, AND HEARING ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE

TO: the Debtor, Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

     At: U.S. BANKRUPTCY COURT
     219 South Dearborn, Courtroom 744
     Chicago, Illinois 60604

     on: **February 27, 2008**
     at: **10:00 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The Trustee's Final Report shows total:

     a. Receipts                               $              10,108.07

     b. Disbursements                          $                   0.00

     c. Net Cash Available for Distribution    $              10,108.07

4. Applications for Chapter 7 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| Louis W. Levit, Trustee | 0.00 | $1,564.43 | 30.30 |
| Louis W. Levit, P.C., *Trustee's Attorney (Tr. Firm)* | 0.00 | $2,475.00 | 0.00 |

5. Applications for Chapter 11 fees and administrative expenses have been filed as follows: NONE

6. In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 100.00%.

Allowed priority claims are: NONE

7. Claims of general unsecured creditors totaling $3,704.05 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be 100.00%, plus interest.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Premier Bankcard | $ 427.06 | $ 469.78 |
| 2 | US DEPARTMENT OF EDUCATION | $ 1,728.19 | $ 1,901.06 |
| 3 | Arrow Financial Services LLC | $ 1,548.80 | $ 1,703.73 |
| SURPLUS | Kathaleen Hadley | $ 1,243.77 | $ 1,243.77 |

8. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee applications and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10. Debtor has been discharged.

11. The Trustee proposed to abandon the following property at the hearing:

Dated: **February 1, 2008**                For the Court,

By: **KENNETH S. GARDNER**
Kenneth S. Gardner
Clerk of the United States Bankruptcy Court

---

[1] The April 18, 2006 Order Allowing Trustee to Compromise Controversy ("Order") of the Pyramid Partnership cause of action ("Pyramid") granted Trustee authority to settle pursuant to the terms of the Trustee's Motion to Compromise Controversy ("Motion"). The Motion provided that the Debtor's exemption for Pyramid would be allowed as scheduled. The original scheduled amount of the exemption was $720.00. The Debtor subsequently filed amended schedules which increased the exemption to $1,730.00. Trustee has computed the final distribution based upon the original amount of the claimed exemption and submits to the Court that such treatment is appropriate per the Order and of no adverse material affect to the Debtor since the Debtor is receiving surplus Estate funds in the amount of $1,243.77, thereby providing aggregate distribution to the Debtor in the amount of $1,963.77.

219 S. Dearborn Street; 7th Floor
Chicago, IL  60604

Trustee: LOUIS W.  LEVIT
Address: LOUIS W. LEVIT, P. C,
555 Skokie Blvd
SUITE 500
Northbrook, IL  60062
Phone No.: (847) 897-5710